UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER, | No. 2:15-cv-2286 MCE CKD P (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| KINGS COUNTY SUPERIOR COURT et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**28 U.S.C. § 1915(g)**

The federal in forma pauperis statute includes a limitation on the number of actions in which a prisoner can proceed in forma pauperis.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). See also Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999) ("[T]he plain language of § 1915(g) requires that the court look at cases dismissed prior to the enactment of the [Prison Litigation Reform Act] to determine when a prisoner has used his three strikes.").

1

1       For purposes of § 1915(g), the court must determine whether plaintiff has, on three or more occasions prior to the filing of this new action, brought a civil action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted. Where a court denies a prisoner's application to file an action without prepayment of fees on the grounds that the submitted complaint is frivolous, malicious or fails to state a claim upon which relief may be granted, the complaint has been "dismissed" for purposes of § 1915(g). O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

**DISCUSSION**

      Court records reflect that plaintiff filed this action after having brought three or more prior civil actions that this court dismissed on the grounds specified in 28 U.S.C. § 1915(g). Specifically, plaintiff suffered a strike for purposes of § 1915(g) on December 7, 2010, when the district court dismissed Turner v. United States of America, No. 2:08-cv-2087-EFB (E.D. Cal.) for failure to state a claim. Plaintiff suffered a second strike on April 13, 2012, when the district court dismissed Turner v. Gibson, No. 1:11-cv-1395-GBC (E.D. Cal.) for failure to state a claim. Plaintiff suffered a third strike on July 9, 2012, when the district court dismissed Turner v. Thomas, 2:10-cv-2369-EFB (E.D. Cal.) for failure to state a claim. Plaintiff suffered a fourth strike on November 12, 2012, when the district court dismissed Turner v. Hubbard, No. 1:12-cv-01670-SAB (E.D. Cal.) for failure to state a claim. Finally, the court notes that both this court and the Fresno Division of this court have consistently found that plaintiff has "struck out" under § 1915(g). See, e.g, Turner v. Gibson, No. 1:13-cv-1612 LJO GSA (ECF No. 8); Turner v. McCall, No. 1:13-cv-1611 LJO BAM (ECF No. 19); Turner v. Woodland City Police, No. 2:13-cv-905-EFB P (ECF No. 13); Turner v. Cates, No. 2:11-cv-1744 CKD P (ECF No. 8).[1]

      Plaintiff commenced this action on November 2, 2015, by filing a civil rights complaint. Several days later, he filed an application to proceed in forma pauperis. As discussed above, however, court records reflect that plaintiff previously brought more than three prior federal cases

/////

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

that this court dismissed for failure to state a claim.  Accordingly, pursuant to § 1915(g), plaintiff must submit the appropriate filing fee in order to proceed with this action.[2]

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 4) is denied; and

2. Within fourteen days of the date of this order, plaintiff shall pay the full filing fee for this action ($400.00).  Failure to comply with this order will result in a recommendation for dismissal of this action.

Dated:  May 6, 2016

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

ec
turn2286.56

---

[2] There is an exception to the three-strike bar of § 1915(g), which allows a prisoner to use in forma pauperis status to bring a civil action despite three prior dismissals where the prisoner is under imminent danger of serious physical injury.  See Andrews v. Cervantes, 493 F.3d 1047, 1056-57 (9th Cir. 2007).  In this case, plaintiff claims that officers at Pelican Bay State Prison are trying to murder him in cold blood for asserting his constitutional rights.  (ECF No. 7)  This claim is simply too fanciful.  See Andrews, 493 F.3d at 1055 ("the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of seriously physical injury' at the time of filing.")  If asserting "imminent danger" with conclusory and implausible allegations were sufficient to bring a case within the exception to the three-strike bar, the exception would swallow the rule.  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) ("[W]e refuse to conclude that with one hand Congress intended to enact a statutory rule that would reduce the huge volume of prisoner litigation, but, with the other hand, it engrafted an open-ended exception that would eviscerate the rule.").  Where, as here, there is no basis for finding that plaintiff was or is in imminent danger of being killed, the court will not overlook the mandate of § 1915(g).  Accordingly, for these reasons, the imminent danger exception under 28 U.S.C. § 1915(g) is not available to plaintiff in connection with this action.